UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

NATE MCMURRAY, a Candidate for Congress and as
an Enrolled Democratic Party Voter In Erie County,
PAULINE GRABEKI, as an Enrolled Republican Party
Voter in Erie County, and RONALD COONS, as an
Enrolled Democratic Party Voter in Erie County,
individually and on behalf of a Class of Erie County
Voters Similarly Situated,

Case No. 20-cv-

                                    **Plaintiffs,**

**VERIFIED CLASS
ACTION COMPLAINT**

                         **- against –**

RALPH M. MOHR and JEREMY J. ZELLNER,
individually and as COMMISSIONERS of the ERIE
COUNTY BOARD OF ELECTIONS, and the ERIE
COUNTY BOARD OF ELECTIONS,

                                    **Defendants**

------------------------------------------------------------------- X

Plaintiffs, as and for their Verified Complaint, allege the following by their undersigned attorneys:

## INTRODUCTION

1.     Plaintiffs bring this action for immediate injunctive relief in order to address the violation of their First Amendment protected voting and associational rights, as candidates and voters, to rely on and utilize the Early Voting procedures added by the New York Legislature in 2019, now codified in 8-600 of the New York Election Law.

2.     The Erie County Board of Elections, and its Commissioners, who are charged with  informing the voters of the location, dates, and hours of operation of all polling places for early voting has utterly failed to do so.

3.      To date, less than a week before early voting is scheduled to start, the Erie County Board of Elections, and its Commissioners, have not even listed the dates , times and places of early voting on the Board's website, much less engaged in other methods of informing the voters of how to exercise their rights, an exercise made all the more difficult this year by the Coronavirus pandemic.

4.      State Court remedies here are illusory, and like in Second Circuit's May    , 2020 decision in *Yang v. Kosinski*, _____F3d _____, 2020 WL 2820179 (June 1, 2020) an immediate injunction is needed to compel the Defendants to inform the voters, in a meaningful way, of their opportunities to vote early throughout Erie County.

## JURISDICTION

5.      This Court's jurisdiction is invoked pursuant to 28 USC §1331 and 42 USC §1983.

## PARTIES

6.      Plaintiffs NATE McCURRAY, and RONALD COONS , at all times mentioned, were and are now duly qualified, voters of the State of New York residing in Grand Island, New York and Lake View, NY respectively and entitled to vote in Erie County, New York, both of whom are enrolled in the Democratic Party. Plaintiffs sue individually and on behalf of all other enrolled voters similarly situated.

7.      Plaintiff PAULINE GRABEKI, at all times mentioned, was and is now a duly qualified, voter of the State of New York residing in Hamburg, NY and is entitled to vote in Erie County, New York, and is enrolled in the Republican Party.  Plaintiff sues individually and on behalf of all other enrolled voters similarly situated.

8.      NATE McMURRAY is  also the Democratic nominee for Congress in the 27th Congressional District.

9.      Each plaintiff is also an enrolled voter, entitled to vote in the Special Election for Congress in the 27th Congressional District (27th CD),., which is scheduled to conclude on June 23, 2020, and the Democratic or Republican primary election for various offices in Erie County, also scheduled to conclude on June 23, 2020.  McMurray and Coons are also eligible to vote in the NY Democratic Presidential Primary, scheduled to be held on June 23, 2020.

10.     Defendant ERIE COUNTY BOARD OF ELECTIONS (the "Board") is constituted pursuant to the New York State Election Law and is charged with the responsibility of administering all elections within Erie County including the 2020 Special Congressional Election and the Democratic Primary. The Board is located at 134 West Eagle Street, Buffalo, New York.

11.     Defendants RALPH M. MOHR and JEREMY J. ZELLNER, are Commissioners of the Erie County Board of Elections.

**FACTS**

12.     As a result of the resignation for former Congressman Chris Collins in October 2019, voters in the 27th CD, which incorporates all or part of eight New York counties, shall be voting in a Special Election on June 23rd to fill the vacant Congressional seat until January 1, 2021.

13.     Erie County includes 211,000 voters who are enrolled to vote in the 27th CD, which means that it includes 40% of the enrolled voters in the entire 27th CD.

14.     The Special Election was originally scheduled for April 28, 2020, but was postponed, by the State Legislature, on or about April 3, 2020, until June 23, 2020 due to the COVID-19 pandemic.

15.     In November 2018 Plaintiff McMurray ran against former Congressman Collins, and lost by a vote of 141,146 to 139,059, a margin of 1087 votes.

16.     Effective January 24, 2019 the NY State Legislature amended the Election Law at

Section 8-60 to provide, for the first time ever, for Early Voting in the State of New York. The

relevant provisions of the statute provide as follows:

*1. Beginning the tenth day prior to any general, primary, run-off primary pursuant to subdivision one of section 6-162 of this chapter or special election for any public or party position except for such an election held pursuant to title two of article six or article fifteen of this chapter, and ending on and including the second day prior to such general, primary, run-off primary or special election for such public office or party position, persons duly registered and eligible to vote at such election shall be permitted to vote as provided in this title. The board of elections shall establish procedures, subject to approval of the state board of elections, to ensure that persons who vote during the early voting period shall not be permitted to vote subsequently in the same election.*

*2. (a) The board of elections shall designate polling places for early voting, which may include the offices of the board of elections, for persons to vote early pursuant to this title. There shall be so designated at least one early voting polling place for every full increment of fifty thousand registered voters in each county; provided, however, the number of early voting polling places in a county shall not be required to be greater than seven, and a county with fewer than fifty thousand voters shall have at least one early voting polling place.*

*(b) The board of elections of each county or the city of New York may establish additional polling places for early voting in excess of the minimum number required by this subdivision for the convenience of eligible voters.*

*(c) Notwithstanding the minimum number of early voting poll sites otherwise required by this subdivision, for any primary or special election, upon majority vote of the board of elections, the number of early voting sites may be reduced when the board of elections determines a lesser number of sites is sufficient to meet the needs of early voters.*

*(d) Polling places for early voting shall be located so that voters in the county have adequate and equitable access, taking into consideration population density, travel time to the polling place, proximity to other early voting poll sites, public transportation routes, commuter traffic patterns and such other factors the board of elections deems appropriate. The provisions of section 4-104 of this chapter, except subdivisions four and five of such section, shall apply to the designation of polling places for early voting except to the extent such provisions are inconsistent with this section.*

*3.    Any    voter    may vote at    any    polling    place
for early voting established pursuant to subdivision two of this section in
the county where such voter is registered to vote; provided, however, if it is
impractical to provide each polling place for early voting all of
the election district ballots or if early voting at any such polling place
makes ensuring that no voter has not previously voted early during
such election, the board of elections may assign election districts to a
particular early voting poll site. All voters in each county shall have one or
more polling places at which they are eligible to vote throughout
the early voting period on a substantially equal basis. If the board
of elections does    not    agree    by    majority vote to    plan    to
assign election districts to early voting poll sites, all voters in the county
must be able to vote at any poll site for early voting in the county.*

*4. (a) Polls shall be open for early voting for at least eight hours
between seven o'clock in the morning and eight o'clock in the evening each
weekday during the early voting period.*

*(b) At least one polling place for early voting shall remain open
until eight o'clock in the evening on at least two weekdays in each calendar
week during the early voting period. If polling places for early voting are
limited to voters from certain areas pursuant to subdivision three of this
section, polling places that remain open until eight o'clock shall be
designated such that any person entitled to vote early may vote until eight
o'clock in the evening on at least two week days during
the early voting period.*

*(c) Polls shall be open for early voting for at least five hours
between nine o'clock in the morning and six o'clock in the evening on each
Saturday, Sunday, and legal holiday during the early voting period.*

*(d) Nothing in this section shall be construed to prohibit any board
of elections from establishing a greater number of hours for voting during
the early voting period beyond the number of hours required in this
subdivision.*

*(e) Early voting polling places and their hours of operation
for early voting at a general election shall be designated by May first of
each year pursuant to subdivision one of section 4-104 of this chapter.
Notwithstanding the provisions of subdivision one of section 4-104 of this
chapter early voting polling places and their hours of operation
for early voting for: (i) a primary or special election shall be made not
later than forty-five days before such primary or special election; and (ii) a
run-off primary pursuant to subdivision one of section 6-162 of this
chapter shall be made as soon as practicable.*

***5. Each board of elections shall create a communication plan to
inform eligible voters of the opportunity to vote early. Such plan may***

*utilize any and all media outlets, including social media, and shall publicize: the location and dates and hours of operation of all polling places for early voting; an indication of whether each polling place is accessible to voters with physical disabilities; a clear and unambiguous notice to voters that if they cast a ballot during the early voting period they will not be allowed to vote election day; and if polling places for early voting are limited to voters from certain areas pursuant to subdivision three of this section, the location of the polling places for early voting serving the voters of each particular city, town or other political subdivision.* (Emphasis supplied)

17.     Prior to April 3 2020 the Erie County Board of Elections had not given eligible voters any public notice of the Early Voting locations for the April 28, 2020 Special Election, even though the Defendant Board had been deemed "essential" and had to process designating petitions for the various party primaries scheduled for June 23, 2020.

18.     As of Friday June 5, 2020 the Defendant Commissioners had not caused the Defendant Board to engage in **any** communications with the enrolled voters about the dates of Early Voting, the polling locations open for Early Voting, the hours of Early Voting, or the accessibility of Early Voting locations. The Defendant Board does not even have a list of such dates, times and locations on its web site, an utter abrogation of its responsibility to conduct a fair and democratic election. This has occurred even though the Board sent out notice of the procedure for applying for an absentee ballot in early May 2020 to very voter, an action taken pursuant to an Executive Order issued by Governor Andrew Cuomo.

19.     Early Voting, by statute, is scheduled to start on Saturday June 13, 2020.

20.     The assistance of this Court is needed in order to compel the Defendants to carry out their responsibilities under Election Law 8-600. In order to remediate its failure to communicate a voting plan to the eligible voting population, including Plaintiffs and the class they represent, the Board needs to immediately:

a) immediately post Notice of all Early Voting Locations and dates of Early Voting in Erie County for the 2020 27th Congressional District Special Election, the 2020 NY Democratic Presidential Primary, and all other Democratic and Republican Party Primaries being held in Erie County in 2020, on the opening page of its web site;

b) immediately place an advertisement in all general circulation newspapers in Erie County indicating all Early Voting locations and dates of Early Voting for the 2020 27th District Congressional Special Election and the 2020 NY Democratic Presidential Primary, and all other Democratic and Republican Party Primaries being held in Erie County in 2020;

c) immediately mail notice of all Early Voting locations, and dates of Early Voting in Erie County, for the for the 2020 27th Congressional District Special Election, the 2020 NY Democratic Presidential Primary, and all other Democratic and Republican Party Primaries being held in Erie County in 2020, to all  registered voters.

## IRREPARABLE INJURY

21.    As stated above, early voting is scheduled to start on Saturday June 13, 2020.

22.    Unless the Board is not directed to give immediate notice to voters about the availability and location of early voting, voters will be deprived of their full right to vote, and Candidate McMurray will be deprived of the votes of people who will only vote if they can do so at less crowded, early voting sites.

23.    Failure to achieve the relief requested will cause irreparable injury to all Plaintiffs and the class of voters they represent.

24.    No prior application for the relief sought herein has been made in this or any other court other than be the actions discussed above.

## AS AND FOR A FIRST CAUSE OF ACTION

*(Application of the Statute violated US Constitution First Amendment;*
*New York State Constitution Suffrage and Free Speech Violations)*

25.     Plaintiffs hereby repeat, re-allege, and incorporate by reference all the facts stated in foregoing paragraphs.

26.     Each of the Plaintiffs is a voter who wishes to vote in an election where franchise is allowed to the fullest extent of the law.

27.     Under the First Amendment to the US Constitution, and the Free Speech and Free Suffrage provisions of the New York State Constitution, laws and actions under the law which burden rights of access to the ballot must survive strict scrutiny. In other words, the state actors must advance compelling, precise interest to justify denial of access to the ballot, and the mechanism to forward that interest must be narrowly tailored to that interest, and further must be the least restrictive alternative available to serve that same interest.

28.     Defendants' acts and omissions as detailed herein fail to meet that standard in ways including, but not limited to the following: Defendants have failed to take any meaningful action to notify voters of the location, dates and times of Early Voting.

29.     As a result of the acts and omissions complained of herein, Plaintiffs have suffered a deprivation of their Federal and State Constitutional Free Speech Right, and their Suffrage Rights Under the NY State Constitution.

**PRAYER FOR RELIEF**

Plaintiffs pray that this Court

1. SET EXPEDITED HEARINGS on Plaintiffs' applications for a Temporary Restraining Order and a Preliminary Injunction

2. GRANT A TEMPORARY RESTRAINING ORDER *pending the hearing of Plaintiffs 'Motion* for a Preliminary Injunction, directing Defendants to immediately post Notice of all Early Voting Locations and dates of Early Voting in Erie County for the 2020 27th Congressional District Special Election, the 2020 NY Democratic Presidential Primary, and all other Democratic and Republican Party Primaries being held in Erie County in 2020, on the opening page of its web site, and to immediately place an advertisement in all general circulation newspapers in Erie County indicating all Early Voting locations and dates of Early Voting for the 2020 27th District Congressional Special Election and the 2020 NY Democratic Presidential Primary, and all other Democratic and Republican Party Primaries being held in Erie County in 2020;

3. GRANT A PRELIMINARY INJUNCTION prohibiting Defendants from failing to immediately mail notice of all Early Voting locations, and dates of Early Voting in Erie County, for the for the 2020 27th Congressional District Special Election, the 2020 NY Democratic Presidential Primary, and all other Democratic and Republican Party Primaries being held in Erie County in 2020, to all  registered voters; and granting Plaintiffs such other and further relief which is just and equitable.

4. GRANT such other relief as the Court may deem appropriate.

5.AWARD costs and attorneys' fees.

Dated: June 8, 2020

Respectfully submitted,

ADVOCATES FOR JUSTICE
Attorneys for Plaintiffs

By: /s/ *Arthur Z. Schwartz*
    Arthur Z. Schwartz
    225 Broadway, Suite 1902
    New York, New York 10007
    T: (917)-923-8136
    F: (212)-285-1410
    aschwartz@afjlaw.com

WEBSTER & DUBS, PC
Local Counsel

By:/s/ *Joshua E. Dubs*
Joshua E. Dubs
37 Franklin Street Suite 500
Buffalo, NY 14202
T: 716-854-2050
F: 716-768-2258
josh@websterdubs.com

## <u>VERIFICATION</u>

Arthur Z. Schwartz, an attorney at law, affirms that he is counsel to Plaintiffs, that he has personal knowledge of the facts as set forth herein, that he has read the foregoing Petition and knows the contents thereof; the same are true to his own knowledge, except as to matters stated to be alleged upon information and belief, and as to those matters, he believes it to be true.

Dated: June 8, 2020

/s/ *Arthur Z Schwartz*
Arthur Z. Schwartz