**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- X

**NATE MCMURRAY, a Candidate for Congress and as an Enrolled Democratic Party Voter In Erie County, PAULINE GRABEKI, as an Enrolled Republican Party Voter in Erie County, and RONALD COONS, as an Enrolled Democratic Party Voter in Erie County, individually and on behalf of a Class of Erie County Voters Similarly Situated,**

                **Plaintiffs,**

        **- against –**

**RALPH M. MOHR and JEREMY J. ZELLNER, individually and as COMMISSIONERS of the ERIE COUNTY BOARD OF ELECTIONS, and the ERIE COUNTY BOARD OF ELECTIONS,**

              **Defendants**

---------------------------------------------------------------------- X

Case No. 20-cv-

**DECLARTION OF ARTHUR Z. SCHWARTZ IN SUPPORT OF EXPEDITED TRO AND PRELIMINARY <u>INJUNCTION HEARING</u>**

    ARTHUR Z. SCHWARTZ, attorney for Plaintiffs, declares the following under penalty of perjury

    1.    Plaintiffs bring this action for immediate injunctive relief in order to address the violation of their First Amendment protected voting and associational rights, as candidates and voters, to rely on and utilize the Early Voting procedures added by the New York Legislature in 2019, now codified in 8-600 of the New York Election Law.

    2.    The Erie County Board of Elections, and its Commissioners, who are charged with  informing the voters of the location, dates, and hours of operation of all polling places for early voting has utterly failed to do so.

    3.    To date, less than a week before early voting is scheduled to start in the June 2020 Special Congressional District Special election, and in various Republican and Democratic

Primaries, including a Presidential Primary, the Erie County Board of Elections, and its Commissioners, have not even listed the dates , times and places of early voting on the Board's website, much less engaged in other methods of informing the voters of how to exercise their rights, an exercise made all the more difficult this year by the Coronavirus pandemic.

4.      State Court remedies here are illusory, and like in Second Circuit's May     , 2020 decision in *Yang v. Kosinski*, ____F3d _____, 2020 WL 2820179 (June 1, 2020) an immediate injunction is needed to compel the Defendants to inform the voters, in a meaningful way, of their opportunities to vote early throughout Erie County.

5.      Plaintiffs are the Democratic Party Candidate for Congress in the 27th Congressional District, an enrolled Democratic Party voter and an enrolled Republican Part voter.

6.      As a result of the resignation for former Congressman Doug Collins in October 2019, voters in the 27th CD, which incorporates all or part of eight New York counties, shall be voting in a Special Election on June 23rd to fill the vacant Congressional seat until January 1, 2021.

7.      Erie County includes 211,000 voters who are enrolled to vote in the 27th CD, which means that it includes 40% of the enrolled voters in the entire 27th CD.

8.      The Special Election was originally scheduled for April 28, 2020, but was postponed, by the State Legislature, on or about April 3, 2020, until June 23, 2020 due to the COVID-19 pandemic.

9.      In November 2018 Plaintiff McMurray ran against former Congressman Collins, and lost by a vote of 141,146 to 139,059, a margin of 1087 votes.

10. Effective January 24, 2019 the NY State Legislature amended the Election Law at Section 8-60 to provide, for the first time ever, for Early Voting in the State of New York. The relevant provisions of the statute provide as follows:

*1. Beginning the tenth day prior to any general, primary, run-off primary pursuant to subdivision one of section 6-162 of this chapter or special election for any public or party position except for such an election held pursuant to title two of article six or article fifteen of this chapter, and ending on and including the second day prior to such general, primary, run-off primary or special election for such public office or party position, persons duly registered and eligible to vote at such election shall be permitted to vote as provided in this title. The board of elections shall establish procedures, subject to approval of the state board of elections, to ensure that persons who vote during the early voting period shall not be permitted to vote subsequently in the same election.*

*2. (a) The board of elections shall designate polling places for early voting, which may include the offices of the board of elections, for persons to vote early pursuant to this title. There shall be so designated at least one early voting polling place for every full increment of fifty thousand registered voters in each county; provided, however, the number of early voting polling places in a county shall not be required to be greater than seven, and a county with fewer than fifty thousand voters shall have at least one early voting polling place.*
*(b) The board of elections of each county or the city of New York may establish additional polling places for early voting in excess of the minimum number required by this subdivision for the convenience of eligible voters.*
*(c) Notwithstanding the minimum number of early voting poll sites otherwise required by this subdivision, for any primary or special election, upon majority vote of the board of elections, the number of early voting sites may be reduced when the board of elections determines a lesser number of sites is sufficient to meet the needs of early voters.*
*(d) Polling places for early voting shall be located so that voters in the county have adequate and equitable access, taking into consideration population density, travel time to the polling place, proximity to other early voting poll sites, public transportation routes, commuter traffic patterns and such other factors the board of elections deems appropriate. The provisions of section 4-104 of this chapter, except subdivisions four and five of such section, shall apply to the designation of polling places for early voting except to the extent such provisions are inconsistent with this section.*

*3.    Any    voter    may vote at    any    polling    place for early voting established pursuant to subdivision two of this section in the county where such voter is registered to vote; provided, however, if it is impractical   to   provide   each   polling   place   for early voting all   of the election district ballots  or  if early  voting at  any  such  polling  place makes   ensuring   that   no   voter   has   not   previously voted early during such election,   the   board   of elections may   assign election districts   to   a particular early voting poll site. All voters in each county shall have one or more   polling   places   at   which   they   are   eligible   to vote throughout the early voting period   on   a   substantially   equal   basis.   If   the   board of elections does     not     agree     by     majority vote to     plan     to assign election districts  to early voting poll  sites,  all  voters  in  the  county must be able to vote at any poll site for early voting in the county.*

*4. (a) Polls shall be open for early voting for at least eight hours between seven o'clock in the morning and eight o'clock in the evening each weekday during the early voting period.*

*(b) At least one polling place for early voting shall remain open until eight o'clock in the evening on at least two weekdays in each calendar week during the early voting period. If polling places for early voting are limited to voters from certain areas pursuant to subdivision three of this section, polling places that remain open until eight o'clock shall be designated such that any person entitled to vote early may vote until eight o'clock   in   the   evening   on   at   least   two   week   days   during the early voting period.*

*(c) Polls shall be open for early voting for at least five hours between nine o'clock in the morning and six o'clock in the evening on each Saturday, Sunday, and legal holiday during the early voting period.*

*(d) Nothing in this section shall be construed to prohibit any board of elections from establishing a greater number of hours for voting during the early voting period   beyond   the   number   of   hours   required   in   this subdivision.*

*(e) Early voting polling   places   and   their   hours   of   operation for early voting at  a  general election shall  be  designated  by  May  first  of each  year  pursuant  to subdivision  one  of  section  4-104 of  this  chapter. Notwithstanding the provisions of subdivision one of section 4-104 of this chapter early   voting polling   places   and   their   hours   of   operation for early voting for:  (i)  a  primary  or  special election shall  be  made  not later than forty-five days before such primary or special election; and (ii) a run-off  primary  pursuant  to subdivision  one  of  section  6-162  of  this chapter shall be made as soon as practicable.*

**5. Each board of elections shall create a communication plan to inform  eligible  voters  of  the  opportunity  to vote early.  Such  plan  may**

4

*utilize any and all media outlets, including social media, and shall publicize: the location and dates and hours of operation of all polling places for early voting; an indication of whether each polling place is accessible to voters with physical disabilities; a clear and unambiguous notice to voters that if they cast a ballot during the early voting period they will not be allowed to vote election day; and if polling places for early voting are limited to voters from certain areas pursuant to subdivision three of this section, the location of the polling places for early voting serving the voters of each particular city, town or other political subdivision.* (Emphasis supplied)

11.    Prior to April 3, 2020 the Erie County Board of Elections had not given eligible voters any public notice of the Early Voting locations for the April 28, 2020 Special Election, even though the Defendant Board had been deemed "essential" and had to process designating petitions for the various party primaries scheduled for June 23, 2020.

12.    As of Friday June 5, 2020 the Defendant Commissioners had not caused the Defendant Board to engage in **any** communications with the enrolled voters about the dates of Early Voting, the polling locations open for Early Voting, the hours of Early Voting, or the accessibility of Early Voting locations. The Defendant Board does not even have a list of such dates, times and locations on its web site, an utter abrogation of its responsibility to conduct a fair and democratic election. This has occurred even though the Board sent out notice of the procedure for applying for an absentee ballot in early May 2020 to very voter, an action taken pursuant to an Executive Order issued by Governor Andrew Cuomo.

13.    I personally made inquiry of the Board about this issue on June 3 and 4, 2020, and although I was promised information about a communications plan, I was given none. In fact, the information, as of today, is not even on the Board's web site.

14.    Early Voting, by statute, is scheduled to start on Saturday June 13, 2020.

15.    The assistance of this Court is needed in order to compel the Defendants to carry out their responsibilities under Election Law 8-600. In order to remediate its failure to

5

communicate a voting plan to the eligible voting population, including Plaintiffs and the class they represent, the Board needs to immediately:

a) immediately post Notice of all Early Voting Locations and dates of Early Voting in Erie County for the 2020 27th Congressional District Special Election, the 2020 NY Democratic Presidential Primary, and all other Democratic and Republican Party Primaries being held in Erie County in 2020, on the opening page of its web site;

b) immediately place an advertisement in all general circulation newspapers in Erie County indicating all Early Voting locations and dates of Early Voting for the 2020 27th District Congressional Special Election and the 2020 NY Democratic Presidential Primary, and all other Democratic and Republican Party Primaries being held in Erie County in 2020;

c) immediately mail notice of all Early Voting locations, and dates of Early Voting in Erie County, for the for the 2020 27th Congressional District Special Election, the 2020 NY Democratic Presidential Primary, and all other Democratic and Republican Party Primaries being held in Erie County in 2020, to all registered voters.

16.     Unless the Board is not directed to give immediate notice to voters about the availability and location of early voting, voters will be deprived of their full right to vote, and Candidate McMurray will be deprived of the votes of people who will only vote if they can do so at less crowded, early voting sites.

17.     Failure to achieve the relief requested will cause irreparable injury to all Plaintiffs and the class of voters they represent.

18.     No prior application for the relief sought herein has been made in this or any other court other than be the actions discussed above.

19.     Plaintiffs seek to have this Court issue an Expedited Hearing Order, which includes a Temporary Restraining Order which immediate compels the Board to list the information on its web site, and take out ads in the Erie County press. We seek broader relief as well: a mailing, preferably a postcard, notifying voters of their right to vote early, and locations where they can do that.

20.     I have notified the Erie County Attorney, Jeremy Toth, who regularly represents the Erie County BOE about this application. I notified him by phone at 716-858-2208 and by email at Jeremy.toth@erie.gov.

Dated: June 8, 2020

Respectfully submitted,

*Arthur Z. Schwartz*

Arthur Z. Schwartz
ADVOCATES FOR JUSTICE
Attorneys for Plaintiffs
225 Broadway, Suite 1902
New York, New York 10007
Phone: 917-923-8136
Fax: 212-285-1410
Email: aschwartz@afjlaw.com

7

**VERIFICATION**

Arthur Z. Schwartz, an attorney at law, affirms that he is counsel to Plaintiffs, that he has personal knowledge of the facts as set forth herein, that he has read the foregoing Petition and knows the contents thereof; the same are true to his own knowledge, except as to matters stated to be alleged upon information and belief, and as to those matters, he believes it to be true.

Dated: June 8, 2020

/s/ *Arthur Z Schwartz*
Arthur Z. Schwartz