# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

NATE MCMURRAY, a Candidate for Congress and as an Enrolled Democratic Party Voter In Erie County, PAULINE GRABEKI, as an Enrolled Republican Party Voter in Erie County, and RONALD COONS, as an Enrolled Democratic Party Voter in Erie County, individually and on behalf of a Class of Erie County Voters Similarly Situated,

       **Plaintiffs,**

- against –

RALPH M. MOHR and JEREMY J. ZELLNER, individually and as COMMISSIONERS of the ERIE COUNTY BOARD OF ELECTIONS, and the ERIE COUNTY BOARD OF ELECTIONS,

       **Defendants**
------------------------------------------------------------------------ X

Case No. 20-cv-

**VERIFIED CLASS**
**ACTION COMPLAINT**

   Plaintiffs, as and for their Verified Complaint, allege the following by their undersigned attorneys:

### INTRODUCTION

   1. Plaintiffs bring this action for immediate injunctive relief in order to address the violation of their First Amendment protected voting and associational rights, as candidates and voters, to rely on and utilize the Early Voting procedures added by the New York Legislature in 2019, now codified in 8-600 of the New York Election Law.

   2. The Erie County Board of Elections, and its Commissioners, who are charged with informing the voters of the location, dates, and hours of operation of all polling places for early voting has utterly failed to do so.

3. To date, less than a week before early voting is scheduled to start, the Erie County Board of Elections, and its Commissioners, have not even listed the dates, times and places of early voting on the Board's website, much less engaged in other methods of informing the voters of how to exercise their rights, an exercise made all the more difficult this year by the Coronavirus pandemic.

4. State Court remedies here are illusory, and like in Second Circuit's May __, 2020 decision in *Yang v. Kosinski*, ____F3d _____, 2020 WL 2820179 (June 1, 2020) an immediate injunction is needed to compel the Defendants to inform the voters, in a meaningful way, of their opportunities to vote early throughout Erie County.

## JURISDICTION

5. This Court's jurisdiction is invoked pursuant to 28 USC §1331 and 42 USC §1983.

## PARTIES

6. Plaintiffs NATE McCURRAY, and RONALD COONS, at all times mentioned, were and are now duly qualified, voters of the State of New York residing in Grand Island, New York and Lake View, NY respectively and entitled to vote in Erie County, New York, both of whom are enrolled in the Democratic Party. Plaintiffs sue individually and on behalf of all other enrolled voters similarly situated.

7. Plaintiff PAULINE GRABEKI, at all times mentioned, was and is now a duly qualified, voter of the State of New York residing in Hamburg, NY and is entitled to vote in Erie County, New York, and is enrolled in the Republican Party. Plaintiff sues individually and on behalf of all other enrolled voters similarly situated.

8. NATE McMURRAY is also the Democratic nominee for Congress in the 27th Congressional District.

9. Each plaintiff is also an enrolled voter, entitled to vote in the Special Election for Congress in the 27th Congressional District (27th CD),., which is scheduled to conclude on June 23, 2020, and the Democratic or Republican primary election for various offices in Erie County, also scheduled to conclude on June 23, 2020. McMurray and Coons are also eligible to vote in the NY Democratic Presidential Primary, scheduled to be held on June 23, 2020.

10. Defendant ERIE COUNTY BOARD OF ELECTIONS (the "Board") is constituted pursuant to the New York State Election Law and is charged with the responsibility of administering all elections within Erie County including the 2020 Special Congressional Election and the Democratic Primary. The Board is located at 134 West Eagle Street, Buffalo, New York.

11. Defendants RALPH M. MOHR and JEREMY J. ZELLNER, are Commissioners of the Erie County Board of Elections.

**FACTS**

12. As a result of the resignation for former Congressman Chris Collins in October 2019, voters in the 27th CD, which incorporates all or part of eight New York counties, shall be voting in a Special Election on June 23rd to fill the vacant Congressional seat until January 1, 2021.

13. Erie County includes 211,000 voters who are enrolled to vote in the 27th CD, which means that it includes 40% of the enrolled voters in the entire 27th CD.

14. The Special Election was originally scheduled for April 28, 2020, but was postponed, by the State Legislature, on or about April 3, 2020, until June 23, 2020 due to the COVID-19 pandemic.

15. In November 2018 Plaintiff McMurray ran against former Congressman Collins, and lost by a vote of 141,146 to 139,059, a margin of 1087 votes.

3

16. Effective January 24, 2019 the NY State Legislature amended the Election Law at Section 8-60 to provide, for the first time ever, for Early Voting in the State of New York. The relevant provisions of the statute provide as follows:

> *1. Beginning the tenth day prior to any general, primary, run-off primary pursuant to subdivision one of section 6-162 of this chapter or special election for any public or party position except for such an election held pursuant to title two of article six or article fifteen of this chapter, and ending on and including the second day prior to such general, primary, run-off primary or special election for such public office or party position, persons duly registered and eligible to vote at such election shall be permitted to vote as provided in this title. The board of elections shall establish procedures, subject to approval of the state board of elections, to ensure that persons who vote during the early voting period shall not be permitted to vote subsequently in the same election.*
>
> *2. (a) The board of elections shall designate polling places for early voting, which may include the offices of the board of elections, for persons to vote early pursuant to this title. There shall be so designated at least one early voting polling place for every full increment of fifty thousand registered voters in each county; provided, however, the number of early voting polling places in a county shall not be required to be greater than seven, and a county with fewer than fifty thousand voters shall have at least one early voting polling place.*
> *(b) The board of elections of each county or the city of New York may establish additional polling places for early voting in excess of the minimum number required by this subdivision for the convenience of eligible voters.*
> *(c) Notwithstanding the minimum number of early voting poll sites otherwise required by this subdivision, for any primary or special election, upon majority vote of the board of elections, the number of early voting sites may be reduced when the board of elections determines a lesser number of sites is sufficient to meet the needs of early voters.*
> *(d) Polling places for early voting shall be located so that voters in the county have adequate and equitable access, taking into consideration population density, travel time to the polling place, proximity to other early voting poll sites, public transportation routes, commuter traffic patterns and such other factors the board of elections deems appropriate. The provisions of section 4-104 of this chapter, except subdivisions four and five of such section, shall apply to the designation of polling places for early voting except to the extent such provisions are inconsistent with this section.*

4

*3. Any voter may vote at any polling place for early voting established pursuant to subdivision two of this section in the county where such voter is registered to vote; provided, however, if it is impractical to provide each polling place for early voting all of the election district ballots or if early voting at any such polling place makes ensuring that no voter has not previously voted early during such election, the board of elections may assign election districts to a particular early voting poll site. All voters in each county shall have one or more polling places at which they are eligible to vote throughout the early voting period on a substantially equal basis. If the board of elections does not agree by majority vote to plan to assign election districts to early voting poll sites, all voters in the county must be able to vote at any poll site for early voting in the county.*

*4. (a) Polls shall be open for early voting for at least eight hours between seven o'clock in the morning and eight o'clock in the evening each weekday during the early voting period.*
*(b) At least one polling place for early voting shall remain open until eight o'clock in the evening on at least two weekdays in each calendar week during the early voting period. If polling places for early voting are limited to voters from certain areas pursuant to subdivision three of this section, polling places that remain open until eight o'clock shall be designated such that any person entitled to vote early may vote until eight o'clock in the evening on at least two week days during the early voting period.*
*(c) Polls shall be open for early voting for at least five hours between nine o'clock in the morning and six o'clock in the evening on each Saturday, Sunday, and legal holiday during the early voting period.*
*(d) Nothing in this section shall be construed to prohibit any board of elections from establishing a greater number of hours for voting during the early voting period beyond the number of hours required in this subdivision.*
*(e) Early voting polling places and their hours of operation for early voting at a general election shall be designated by May first of each year pursuant to subdivision one of section 4-104 of this chapter. Notwithstanding the provisions of subdivision one of section 4-104 of this chapter early voting polling places and their hours of operation for early voting for: (i) a primary or special election shall be made not later than forty-five days before such primary or special election; and (ii) a run-off primary pursuant to subdivision one of section 6-162 of this chapter shall be made as soon as practicable.*

***5. Each board of elections shall create a communication plan to inform eligible voters of the opportunity to vote early. Such plan may***

5

> *utilize any and all media outlets, including social media, and shall publicize: the location and dates and hours of operation of all polling places for early voting; an indication of whether each polling place is accessible to voters with physical disabilities; a clear and unambiguous notice to voters that if they cast a ballot during the early voting period they will not be allowed to vote election day; and if polling places for early voting are limited to voters from certain areas pursuant to subdivision three of this section, the location of the polling places for early voting serving the voters of each particular city, town or other political subdivision.* (Emphasis supplied)

17. Prior to April 3 2020 the Erie County Board of Elections had not given eligible voters any public notice of the Early Voting locations for the April 28, 2020 Special Election, even though the Defendant Board had been deemed "essential" and had to process designating petitions for the various party primaries scheduled for June 23, 2020.

18. As of Friday June 5, 2020 the Defendant Commissioners had not caused the Defendant Board to engage in **any** communications with the enrolled voters about the dates of Early Voting, the polling locations open for Early Voting, the hours of Early Voting, or the accessibility of Early Voting locations. The Defendant Board does not even have a list of such dates, times and locations on its web site, an utter abrogation of its responsibility to conduct a fair and democratic election. This has occurred even though the Board sent out notice of the procedure for applying for an absentee ballot in early May 2020 to very voter, an action taken pursuant to an Executive Order issued by Governor Andrew Cuomo.

19. Early Voting, by statute, is scheduled to start on Saturday June 13, 2020.

20. The assistance of this Court is needed in order to compel the Defendants to carry out their responsibilities under Election Law 8-600. In order to remediate its failure to communicate a voting plan to the eligible voting population, including Plaintiffs and the class they represent, the Board needs to immediately:

      a) immediately post Notice of all Early Voting Locations and dates of Early Voting in Erie County for the 2020 27th Congressional District Special Election, the 2020 NY Democratic Presidential Primary, and all other Democratic and Republican Party Primaries being held in Erie County in 2020, on the opening page of its web site;

      b) immediately place an advertisement in all general circulation newspapers in Erie County indicating all Early Voting locations and dates of Early Voting for the 2020 27th District Congressional Special Election and the 2020 NY Democratic Presidential Primary, and all other Democratic and Republican Party Primaries being held in Erie County in 2020;

      c) immediately mail notice of all Early Voting locations, and dates of Early Voting in Erie County, for the for the 2020 27th Congressional District Special Election, the 2020 NY Democratic Presidential Primary, and all other Democratic and Republican Party Primaries being held in Erie County in 2020, to all registered voters.

### IRREPARABLE INJURY

21.    As stated above, early voting is scheduled to start on Saturday June 13, 2020.

22.    Unless the Board is not directed to give immediate notice to voters about the availability and location of early voting, voters will be deprived of their full right to vote, and Candidate McMurray will be deprived of the votes of people who will only vote if they can do so at less crowded, early voting sites.

23.    Failure to achieve the relief requested will cause irreparable injury to all Plaintiffs and the class of voters they represent.

24.    No prior application for the relief sought herein has been made in this or any other court other than be the actions discussed above.

## AS AND FOR A FIRST CAUSE OF ACTION

*(Application of the Statute violated US Constitution First Amendment;*
*New York State Constitution Suffrage and Free Speech Violations)*

25. Plaintiffs hereby repeat, re-allege, and incorporate by reference all the facts stated in foregoing paragraphs.

26. Each of the Plaintiffs is a voter who wishes to vote in an election where franchise is allowed to the fullest extent of the law.

27. Under the First Amendment to the US Constitution, and the Free Speech and Free Suffrage provisions of the New York State Constitution, laws and actions under the law which burden rights of access to the ballot must survive strict scrutiny. In other words, the state actors must advance compelling, precise interest to justify denial of access to the ballot, and the mechanism to forward that interest must be narrowly tailored to that interest, and further must be the least restrictive alternative available to serve that same interest.

28. Defendants' acts and omissions as detailed herein fail to meet that standard in ways including, but not limited to the following: Defendants have failed to take any meaningful action to notify voters of the location, dates and times of Early Voting.

29. As a result of the acts and omissions complained of herein, Plaintiffs have suffered a deprivation of their Federal and State Constitutional Free Speech Right, and their Suffrage Rights Under the NY State Constitution.

**PRAYER FOR RELIEF**

Plaintiffs pray that this Court

1. SET EXPEDITED HEARINGS on Plaintiffs' applications for a Temporary Restraining Order and a Preliminary Injunction

2. GRANT A TEMPORARY RESTRAINING ORDER *pending the hearing of Plaintiffs 'Motion* for a Preliminary Injunction, directing Defendants to immediately post Notice of all Early Voting Locations and dates of Early Voting in Erie County for the 2020 27th Congressional District Special Election, the 2020 NY Democratic Presidential Primary, and all other Democratic and Republican Party Primaries being held in Erie County in 2020, on the opening page of its web site, and to immediately place an advertisement in all general circulation newspapers in Erie County indicating all Early Voting locations and dates of Early Voting for the 2020 27th District Congressional Special Election and the 2020 NY Democratic Presidential Primary, and all other Democratic and Republican Party Primaries being held in Erie County in 2020;

3. GRANT A PRELIMINARY INJUNCTION prohibiting Defendants from failing to immediately mail notice of all Early Voting locations, and dates of Early Voting in Erie County, for the for the 2020 27th Congressional District Special Election, the 2020 NY Democratic Presidential Primary, and all other Democratic and Republican Party Primaries being held in Erie County in 2020, to all registered voters; and granting Plaintiffs such other and further relief which is just and equitable.

4. GRANT such other relief as the Court may deem appropriate.

5. AWARD costs and attorneys' fees.

Dated: June 8, 2020

        Respectfully submitted,

        ADVOCATES FOR JUSTICE
        Attorneys for Plaintiffs

        By: /s/ *Arthur Z. Schwartz*
           Arthur Z. Schwartz
           225 Broadway, Suite 1902
           New York, New York 10007
           T: (917)-923-8136
           F: (212)-285-1410
           aschwartz@afjlaw.com

        WEBSTER & DUBS, PC
        Local Counsel

        By: /s/ *Joshua E. Dubs*
        Joshua E. Dubs
        37 Franklin Street Suite 500
        Buffalo, NY 14202
        T: 716-854-2050
        F: 716-768-2258
        josh@websterdubs.com

## **VERIFICATION**

  Arthur Z. Schwartz, an attorney at law, affirms that he is counsel to Plaintiffs, that he has personal knowledge of the facts as set forth herein, that he has read the foregoing Petition and knows the contents thereof; the same are true to his own knowledge, except as to matters stated to be alleged upon information and belief, and as to those matters, he believes it to be true.

Dated: June 8, 2020

                /s/ *Arthur Z Schwartz*
                Arthur Z. Schwartz

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Nate McMurray, Pauline Grabeki and Ronald Coons

## DEFENDANTS
Ralph M. Mohr, Jeremy Zellner, and the Erie County Board of Elections

**(b)** County of Residence of First Listed Plaintiff: Erie
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Erie
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joshua E. Dubs 37 Franklin St., Buffalo NY 14202
716-885-1150; Arthur Schwartz, 225 Broadway Suite 1902, NY, NY 10007 917-923-8136

Attorneys *(If Known)*
Jeremy Toth, County Attorney, 95 Franklin St., Room 1634, Buffalo, NY 14202

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1331, 42 USC 1983
Brief description of cause:
Denial of voting rights - failure to inform voters about Early Voting

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 0.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: NONE
DOCKET NUMBER:

DATE: 06/09/2020
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE

JS 44 Reverse (Rev. 08/18)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.