UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

NATE MCMURRAY, a Candidate for Congress and as an Enrolled Democratic Party Voter In Erie County, PAULINE GRABEKI, as an Enrolled Republican Party Voter in Erie County, and RONALD COONS, as an Enrolled Democratic Party Voter in Erie County, individually and on behalf of a Class of Erie County Voters Similarly Situated,

                                           **Plaintiffs,**

                                           - against –



Case No. 20-cv-0689 - LJV

RALPH M. MOHR and JEREMY J. ZELLNER, individually and as COMMISSIONERS of the ERIE COUNTY BOARD OF ELECTIONS, and the ERIE COUNTY BOARD OF ELECTIONS,

                                           **Defendants**
------------------------------------------------------------------------ X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT

### INTRODUCTION

Plaintiffs originally brought this action for injunctive relief in order to address the violation of their First Amendment protected voting and associational rights, as candidates and voters, to rely on and utilize the Early Voting procedures added by the New York Legislature in 2019, now codified in 8-600 of the New York Election Law, prior to the June 23, 2020 Special Election.

The Erie County Board of Elections (BOE), and its Commissioners, who are charged with informing the voters of the location, dates, and hours of operation of all polling places for early voting failed to do so until after this litigation was filed.

Plaintiffs are concerned that the Erie County BOE will act in exactly the same manner in arranging for and advertising early voting, which is a problem which will be exacerbated both by the large turnout for the November 3, 2020 Presidential election, and the well advertised problems with the Postal Service handling absentee balloting. For this reason they seek to amend their pleading so that it more clearly is addressed to the November 3, 2020 election. The proposed Second Amended Complaint is annexed as Ex. A.

This amended pleading creates no prejudice for Defendants, other than the fact that their Motion to Dismiss will have to be reworked to address a new pleading.

## ARGUMENT

## THE COURT MUST GRANT LEAVE TO FILE THE SUPPLEMENTAL COMPLAINT

A party may move for leave to supplement its pleading "upon reasonable notice and upon such terms as are just [,] ... setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed.R.Civ.P. 15(d). The standard under Rule 15(d) is "essentially the same" as that under 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice. *Medeva Pharma Ltd. v. Am. Home Prods. Corp.,* 201 F.R.D. 103, 104 n. 3 (D.Del.2001); *Micron Technology, Inc. v. Rambus Inc.*, 409 F.Supp.2d 552, 558 (D.Del.,2006). Leave to supplement should be granted if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties. *See United States v. Local 560 (I.B.T.),* 694 F.Supp. 1158, 1187 (D.N.J.1988).

Here plaintiffs presented a legitimate dispute to the District Court, which, when filed, caused the Defendants to belatedly post, on its web site, the locations where Erie County voters could cast early ballots. It was only 4 days before early voting started. This supplemental

pleading clarifies that Plaintiffs wish to continue with this litigation in order to address the issue well before it becomes an emergency as we approach the November 3, 2020 General Election. Although Defendants argue that Plaintiffs have no Federal right at stake here, that issue should be litigated with a supplemental complaint which clarifies the issue before the court.

## CONCLUSION

For the aforestated reasons, the Court should allow the filing of the Second Amended Complaint.

Dated: August 18, 2020

                                        Respectfully submitted,

                                        *Arthur Z. Schwartz*
                                        Arthur Z. Schwartz
                                        ADVOCATES FOR JUSTICE
                                        Attorneys for Plaintiffs
                                        225 Broadway, Suite 1902
                                        New York, New York 10007
                                        Phone: 917-923-8136
                                        Fax: 212-285-1410
                                        Email: aschwartz@afjlaw.com

## **VERIFICATION**

Arthur Z. Schwartz, an attorney at law, affirms that he is counsel to Plaintiffs, that he has personal knowledge of the facts as set forth herein, that he has read the foregoing Petition and knows the contents thereof; the same are true to his own knowledge, except as to matters stated to be alleged upon information and belief, and as to those matters, he believes it to be true.

Dated: June 8, 2020

/s/ *Arthur Z Schwartz*
Arthur Z. Schwartz