UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NATE MCMURRAY, a Candidate for Congress and as
an Enrolled Democratic Party Voter In Erie County,
PAULINE GRABEKI, as an Enrolled Republican Party
Voter in Erie County, and RONALD COONS, as an
Enrolled Democratic Party Voter in Erie County,
individually and on behalf of a Class of Erie County
Voters Similarly Situated,

Case No.: 1:20-cv-00689-LJV

Plaintiffs,

– against –

RALPH M. MOHR and JEREMY J. ZELLNER,
individually and as COMMISSIONERS of the ERIE
COUNTY BOARD OF ELECTIONS, and the ERIE
COUNTY BOARD OF ELECTIONS,

Defendants.

---

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS AND IN OPPOSITION TO THE MOTION TO FURTHER AMEND THE COMPLAINT

**HODGSON RUSS LLP**
*Attorneys for Defendants Ralph M.*
*Mohr, Jeremy J. Zellner, and the Erie*
*County Board of Elections*
Daniel A. Spitzer, Esq.
Charles W. Malcomb, Esq.
Aaron M. Saykin, Esq.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202-4040
716.856.4000

**MICHAEL A. SIRAGUSA**
*Erie County Attorney and Attorney for*
*Defendants Ralph M. Mohr, Jeremy J.*
*Zellner, and the Erie County Board of Elections*
Jeremy Toth, Esq.
95 Franklin Street, Suite 1635
Buffalo, NY 14202
716.858.2204

## TABLE OF CONTENTS

PAGE

Preliminary Statement.................................................................................................................1

Argument .....................................................................................................................................2

POINT I.     THE MOTION TO AMEND SHOULD BE DENIED BECAUSE THE
             PROPOSED SECOND AMENDED COMPLAINT DOES NOT
             PRESENT A CONSTITUTIONAL ISSUE AND THE RESULT
             SOUGHT HAS ALREADY BEEN ACHIEVED ...................................................2

POINT II.    THE ALLEGED VIOLATION OF STATE LAW IS STILL NOT A
             CONSTITUTIONAL VIOLATION. .....................................................................4

POINT III.   PLAINTIFFS' CITED CASES CONFIRM THE BOE'S PUBLICITY
             EFFORTS IN COMPARISON WITH OTHER COUNTIES DO NOT
             PRESENT A COGNIZABLE EQUAL PROTECTION CLAIM. ..........................5

POINT IV.    PLAINTIFFS CONCEDE THE COURT SHOULD NOT EXERCISE
             SUPPLEMENTAL JURISDICTION OVER ANY REMAINING STATE
             LAW CLAIMS. ......................................................................................................6

Conclusion ...................................................................................................................................6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,*
    106 F.3d 11 (2d Cir.1997)...................................................................................................2

*AEP Energy Services Gas Holding Co. v. Bank of America, N.A.,*
    626 F.3d 699 (2d Cir.2010).................................................................................................2

*Gustafson v. Illinois State Bd. Elections,*
    2007 WL 2892667 (N.D. Ill. Sept. 30, 2007) ...................................................................4

*McMurray et al. v. Mohr et al.,*
    20-CV-689, Dkt. 15 (W.D.N.Y. June 11, 2020).................................................................4

*Obama for America v. Husted,*
    697 F.3d 423 (6th Cir. 2012) ..............................................................................................5

*Ohio State Conference of N.A.A.C.P. v. Husted,*
    768 F.3d 524 (6th Cir. 2014) ..............................................................................................5

*Ohio State Conference of The Nat. Ass'n For The Advancement of Colored*
    *People v. Husted,*
    No. 14-3877, 2014 WL 10384647 (6th Cir. Oct. 1, 2014) .................................................5

*Rivera-Powell v. New York City Bd. of Elections,*
    470 F.3d 458 (2d Cir. 2006)................................................................................................4

*Snowden v. Hughes,*
    321 U.S. 1, 64 S. Ct. 397 (1944).........................................................................................4

*Williams v. Citigroup Inc.,*
    659 F.3d 208 (2d Cir.2011).................................................................................................2

**Federal Statutes**

42 U.S.C. § 1983.........................................................................................................................1

**State Statutes**

N.Y. Elec. Law § 8-600 .............................................................................................................5

### TABLE OF AUTHORITIES - cont'd

PAGE

**Rules**

Fed. R. Civ. P. 15(a)(2)...................................................................................................2

**Other Authorities**

https://www.elections.erie.gov/Early-Voting .................................................................3

**Preliminary Statement**

Shortly after he initiated the hearing on the Plaintiffs' Preliminary Injunction request that opened this proceeding, Judge Vilardo queried why Plaintiffs they were in federal rather than state court pursuing state law compliance claims against the Erie County Board of Elections (the "BOE"). Now, several months, two amended complaints, and one successful election later, Plaintiffs have still failed to show how the alleged inadequate advertising of early voting opportunities is a violation of Plaintiffs' rights under the First and Fourteenth Amendments. That failure is not the only consistency in Plaintiffs' efforts. They have, for example, missed every single court-ordered deadline for filing their papers, meaning this Court would be well within its discretion to strike the opposition to the Motion to Dismiss. As to their response, it is another set of inapposite cases presented without factual support for the main proposition, that alleged inadequate publicity of early voting opportunities required by state law is a constitutional violation.

The Motion to file a Second Amended Complaint only accentuates these deficiencies. Plaintiffs focus on the general election, fearing the same ills will occur, but the allegations boil down to the advertising of the early voting in that election, not any aspect of conducting the election or disparate treatment of different classes of voters.

Any issue of compliance with state procedures alleged here simply does not implicate civil rights within the meaning of 42 U.S.C. § 1983. Additionally Plaintiffs do not state a cognizable claim under the Equal Protection Clause. Nor should the Court exercise jurisdiction over the undefined New York State Constitutional claim, as Plaintiffs apparently concede. This proceeding should be dismissed.

### Argument

Although posed as two separate federal constitutional claims, Plaintiffs' sole argument is that Defendants did not do enough to advertise one aspect of an additional voting avenue — early in-person voting — as thoroughly as they believe was required by state law. Plaintiffs have not met their burden to demonstrate that the alleged violation of a state law provision is a constitutional violation, nor does the comparison with other boards of elections show an equal protection violation.

To the extent Plaintiffs assert vague state constitutional violations (Spitzer Decl., Ex. C (First Amended Complaint) ¶¶ 37-41), the Court should not exercise its discretion to hear claims arising under pendent jurisdiction if the federal claims are dismissed, and should dismiss those claims as well.

**POINT I.   THE MOTION TO AMEND SHOULD BE DENIED BECAUSE THE PROPOSED SECOND AMENDED COMPLAINT DOES NOT PRESENT A CONSTITUTIONAL ISSUE AND THE RESULT SOUGHT HAS ALREADY BEEN ACHIEVED**

While Defendants acknowledge that motions to amend should generally be freely granted at the outset of proceedings, that rule also holds that permission should be denied if the effort would be futile. Fed. R. Civ. P. 15(a)(2), *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) ("It is well established that '[l]eave to amend need not be granted ... where the proposed amendment would be futil[e].'") (alterations in original) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997)). And this motion is futile because, like the underlying complaint, it cannot withstand a motion to dismiss. *See AEP Energy Services Gas Holding Co. v. Bank of America, N.A.,* 626 F.3d 699, 726 (2d Cir. 2010) ("Leave to

amend may be denied on grounds of futility if the proposed amendment fails to state a legally

cognizable claim or fails to raise triable issues of fact.").

This is a textbook case of futility, as Plaintiffs latest missive again fails to resolve

the fatal flaw that doomed their injunctive effort.  The proposed Second Amended Complaint is

summarized in the Declaration of Arthur Z. Schwartz, Esq. dated August 18, 2020

> 3. Plaintiffs are concerned that the Erie County BOE will act in
> exactly the same manner in arranging for and advertising early
> voting, which is a problem which will be exacerbated both by the
> large turnout for the November 3, 2020 Presidential election, and
> the well advertised problems with the Postal Service handling
> absentee balloting. For this reason they seek to amend their
> pleading so that it more clearly is addressed to the November 3,
> 2020 election. The proposed Second Amended Complaint is
> annexed as Ex. A.

Plaintiffs have thus moved away from the June election by alleging harms that

*may* occur at a future time rather than an actual injury susceptible to Article III jurisdiction.  But

the revised claim, to the extent one is presented, is still based on the state law obligations of the

Board of Elections as to early voting publicity, does not demonstrate any denial of voting

opportunity or constitutional infirmity in the actions of the Board of Elections, and thus cannot

withstand the Motion to Dismiss (see Point II *infra*).

What is especially disappointing about this latest effort is that the designation of

early voting sites — a key issue in the original and reformed Complaints — has already occurred

for the November election.  The Court can take judicial notice that the early voting sites are

already designated and the publicity efforts have commenced, . Erie County Early Voting, ERIE

CTY. BD. OF ELECTIONS, https://www.elections.erie.gov/Early-Voting (last visited Aug. 28,

3

2020).  Any dispute as to the quantum of publicity to date or in the future about early voting

opportunities, Plaintiffs' looking glass skills notwithstanding, is not a federal issue

The rationale of this Court in rejecting the preliminary junction applies fully to

the First Amended Complaint and proposed Second Amended Complaint.

**POINT II.      THE ALLEGED VIOLATION OF STATE LAW IS STILL NOT A
CONSTITUTIONAL VIOLATION.**

Neither the opposition to the motion to dismiss argument nor the proposed Second

Amended Complaint, alleging violations yet to occur, addresses let alone cures the fatal flaw that

what is presented here is no more than an alleged violation of state law.  The very direct holding

of the Supreme Court that "[m]ere violation of a state statute does not infringe the federal

Constitution" is controlling, *Snowden v. Hughes*, 321 U.S. 1, 11, 64 S. Ct. 397, 402 (1944).  This

Court recognized that this case does not even concern the election itself in relying on *Gustafson*

*v. Illinois State Bd. Elections*, 2007 WL 2892667, at *5 (N.D. Ill. Sept. 30, 2007), for the

proposition that "early voting is an expansion of the right to vote; there is no constitutional right

to vote prior to the election." *McMurray et al. v. Mohr et al.*, 20-CV-689, Dkt. 15, at *9

(W.D.N.Y. June 11, 2020).  Neither Plaintiffs' Opposition to the Motion to Dismiss nor the

proposed Second Amended Complaint deal with anything but state law compliance in the Board

of Elections' successful expansion of voting opportunities for the primary and upcoming general

election.

Plaintiffs fail to address the controlling precedent from the Second Circuit

addressing a challenge to the conduct of a board of elections, as opposed to a challenge to the

constitutionality or validity of the underlying state statute or regulation itself.  In *Rivera-Powell*

4

*v. New York City Bd. of Elections*, 470 F.3d 458, 469-70 (2d Cir. 2006), the Court held there can

be no colorable First Amendment claim because there "is no independent burden on First

Amendment rights when the state provides adequate procedures by which to remedy the alleged

illegality." As Plaintiffs are not challenging the validity or constitutionality of N.Y. Elec. Law §

8-600, but how the Board of Elections carried out its obligations thereunder, Plaintiffs have a

state remedy, and they have not alleged a cognizable First Amendment constitutional claim.

### POINT III.   PLAINTIFFS' CITED CASES CONFIRM THE BOE'S PUBLICITY EFFORTS IN COMPARISON WITH OTHER COUNTIES DO NOT PRESENT A COGNIZABLE EQUAL PROTECTION CLAIM.

Plaintiffs' Equal Protection Clause rests on a comparison of the Board of

Elections' publicity effort to other county boards of elections within the 27th District.

Defendants moved to dismiss because the Plaintiffs do not charge that the Board of Elections

treated any Erie County voters in a dissimilar or discriminatory fashion and therefore an Equal

Protection claim was not stated. The cases cited in the response confirm the point.

In *Obama for America v. Husted*, 697 F.3d 423 (6th Cir. 2012), the Court struck

an administrative decision preventing non-military voters from casting in-person ballots during

the three days prior to the election. As the Court stated, election officials cannot "pick and

choose among different voters," *id* at. 435. Plaintiffs do not even allege the Board of Elections

treated different classes of voters differently. Similarly *Ohio State Conference of N.A.A.C.P. v.*

*Husted*, 768 F.3d 524 (6th Cir. 2014) — which Plaintiffs curiously fail to note was vacated sub

nom. *Ohio State Conference of The Nat. Ass'n For The Advancement of Colored People v.*

5

*Husted*, No. 14-3877, 2014 WL 10384647 (6th Cir. Oct. 1, 2014) — held reduced early voting opportunities disproportionately harmed African American voters, a claim not made here.

As the Board of Elections treated all its voters equally, Plaintiffs' allegations do not meet the required elements of an Equal Protection claim. Accordingly, the Cause of Action fails to state a claim upon which relief can be granted.

**POINT IV.   PLAINTIFFS CONCEDE THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY REMAINING STATE LAW CLAIMS.**

Plaintiffs do not address Defendants' argument that should the federal claims be dismissed, then the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims, and therefore Plaintiffs have conceded the point.

## Conclusion

For the foregoing reasons, the Court should dismiss the First Amended Complaint and deny the Motion to file a Second Amended Complaint.

Dated:        August 28, 2020

> **HODGSON RUSS LLP**
> *Attorneys for Defendants Ralph M. Mohr, Jeremy J. Zellner, and the Erie County Board of Elections*
>
> By:   s/ Daniel A. Spitzer
>         Daniel A. Spitzer, Esq.
>         Charles W. Malcomb, Esq.
>         Aaron M. Saykin, Esq.
> The Guaranty Building
> 140 Pearl Street, Suite 100
> Buffalo, NY  14202-4040

6

716.856.4000
Dspitzer@hodgsonruss.com
CMalcomb@hodgsonruss.com
ASaykin@hodgsonruss.com


- and -


MICHAEL A. SIRAGUSA
*Erie County Attorney and Attorney for*
*Defendants Ralph M. Mohr, Jeremy J.*
*Zellner, and the Erie County Board of*
*Elections*
By:   s/ Jeremy Toth
         Jeremy Toth, Esq.
Second Assistant County Attorney
95 Franklin Street, Suite 1635
Buffalo, NY  14202
Tel:  (716) 858-2204
Email: Jeremy.Toth@erie.gov

7